

# UNITED STATES DISTRICT COURT

| MIDDLE | DISTRICT OF | NORTH CAROLINA |

UNITED STATES OF AMERICA
V.
JOFFRE J. CROSS III, a..k..a TREY CROSS
and JASON SCOTT NIEWOIT

**CRIMINAL COMPLAINT**

Case Number: 1:07m J 70

(Name and Address of Defendant)

I, the undersigned complainant state that the following is true and correct to the best of my knowledge and belief. On or about **May 24, 2007** (Date) in **Cabarrus** County, in the **Middle** District of **North Carolina** defendant(s) did,

*(Track Statutory Language of Offense)*

distribute morphine sulfate and diazepam, Schedules I & IV controlled substances within the meaning of Title 21, United States Code, Section 812; carry a firearm during and in relation to a drug trafficking crime; and did sell property of the United States Government without authorization;

in violation of Title **21; 18** United States Code, Section(s) **841(a)(1); 924(c)(1)(a)(i) & 641**.

I further state that I am a(n) **Special Agent of the FBI** and that this complaint is based on the following facts:
Official Title

(See attached affidavit)

Continued on the attached sheet and made a part of this complaint: X Yes ☐ No

Signature of Complainant

Thomas J. Brereton
Printed Name of Complainant

Sworn to before me and signed in my presence,

June 4, 2007                                    at    Winston-Salem, North Carolina
Date                                                   City and State

Russell A. Eliason
Name and Title of Judge                               Signature of Judge

## **AFFIDAVIT**

I, Thomas J. Brereton, hereinafter referred to as your Affiant, am a Special Agent with the Federal Bureau of Investigation (FBI), United States Department of Justice, currently assigned to the Charlotte Division of the FBI. Having been duly sworn, the following statements are submitted in support of a Complaint and for the issuance of Arrest Warrants for Joffre J. Cross III, a.k.a. Trey Cross and Jason Scott Niewoit for distribution of Morphine Sulfate and Diazepam, Schedule I and IV controlled substances, respectively; carrying a firearm in connection with a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and selling property of the United States Government without authorization, in violation of Title 18, United States Code Section 641.

The statements contained in this affidavit are based primarily upon information developed by other Special Agents of the FBI's Fayetteville Resident Agency, specifically Special Agent David Dawson, as well as other law enforcement officers. Your Affiant has been employed as a Special Agent of the FBI for approximately 10 years. As a Special Agent of the FBI, your Affiant is authorized to investigate violations of the laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the

1

United States.  Since this affidavit is being submitted for the limited purpose of establishing probable cause to support the arrest of Cross and Niewoit, your Affiant has not included each and every fact known concerning this investigation, and have set forth only those facts that are deemed necessary for said purpose.  The following is a summation of the investigation relating to the offenses charged:

On June 4, 2007, your Affiant spoke with Special Agent David Dawson of the Charlotte Office of the FBI.  Special Agent Dawson advised your Affiant that on May 24, 2007, Cross and Niewoit met with an Undercover Employee (UCE) of the FBI in Concord, North Carolina.  After eating dinner with the UCE, Cross and Niewoit drove a Grey 2003 Jeep Grand Cherokee, North Carolina tag TZM-3262, to the parking lot of the Hampton Inn, 9850 Weddington Road Extension, Concord, North Carolina, and parked this vehicle beside the UCE's vehicle.  Once parked, Cross opened the rear hatch of the Jeep Grand Cherokee and opened a Pelican case full of medical supplies (to include bandages, tubes, gloves, glasses, etc.).  Cross explained that the medical supplies were stolen from the Army and were the latest medical supplies available. The UCE declined to purchase the medical supplies.  At that point, Cross removed a desert camouflaged ballistic vest containing plates in both the front and back.  Cross explained that this was a Level IV vest and was capable of stopping all

2

handgun and rifle rounds. Cross added that this vest was currently being utilized by soldiers in Iraq. Cross stated that the UCE could buy the latest Army combat helmet and the Level IV ballistic vest for $1,000. The UCE negotiated to purchase the vest and the helmet for $900.

After agreeing on the price of the Level IV vest and helmet, Cross removed a separate Pelican case that was locked by a keyed Master lock. Cross utilized a key and opened the case that contained vials of Morphine Sulfate and Diazepam. Cross explained that he kept the case locked in the event he was stopped by the police. Cross stated the police would need a separate warrant to open the locked container. After negotiating with Cross, the UCE agreed to a price of $15 per vial for the Morphine Sulfate and $10 per vial for the Diazepam. Thereafter, the UCE purchased thirty (30) vials of the Morphine Sulfate and twelve (12) vials of Diazepam at $10 per vial.

While standing at the back of the Jeep Grand Cherokee, Niewoit offered to sell the UCE a second ballistic vest, a Level III vest with one plate, for $500. The UCE asked if this vest was a surplus item. Both Cross and Niewoit stated that both vests were not surplus items, but currently issued Army vests. The UCE negotiated a price of $400 for the second vest and purchased the vest.

3

During the course of the purchase of these items, the UCE observed a Bushmaster rifle in the rear of the Jeep Grand Cherokee. Cross stated that the weapon, which was semiautomatic, could be purchased for $1,000. The UCE observed several magazines for the weapon contained within an open cooler that was also in the rear of the Jeep Grand Cherokee. At one point while standing at the back of the Jeep Grand Cherokee, Niewoit removed the rifle from the rear of the vehicle and displayed it to those present.

Based upon the foregoing, your Affiant believes there is probable cause to support the issuance of arrest warrants for Joffre J. Cross III, a.k.a. Trey Cross and Jason Scott Niewoit for distribution of Morphine Sulfate and Diazepam, Schedule I and IV controlled substances, respectively; carrying a firearm in connection with a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i); and selling property of the United States Government without authorization, in violation of Title 18, United States Code Section 641.

This the 4th day of June 2007.

Thomas J. Brereton
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me this
4th day of June 2007.

The Honorable Russell A. Eliason

4