IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
File No.: 1:07CR218-1

| UNITED STATES OF AMERICA | |
|---|---|
| v. | MOTION FOR DISCLOSURE OF CONFIDENTIAL WITNESSES |
| JOFFRE JAMES CROSS, III | |

MOTION FOR DISCLOSURE OF CONFIDENTIAL WITNESSES

The Defendant, by and through undersigned counsel, hereby respectfully moves this Court to order the Government to disclose the identity, criminal history, and any benefits given to the confidential informants whose information was used by the Government to develop information about the charges alleged in the above captioned case. In support of this motion, the Defendant respectfully refers the Court to the facts and legal authorities contained in the subsequent Memorandum of Law.

**MEMORANDUM**

**Factual Background**

In the present case, the Government used a confidential source known as UCE-3684, along with other persons known as a "SOURCE," who interacted directly with the defendant in transactions forming the basis of the allegations against the Defendant. UCE-3684 met with the Defendants in this case on

multiple occasions and interacted with Defendant Cross by phone, voice mail and text messaging.

**Argument**

The seminal case dealing with the issue of the disclosure of a confidential informant is <u>Rovario v. United States</u>, 353 U.S. 53 (1957). In that case, the United States Supreme Court fashioned a rule balancing the "public interest in protecting the flow of information against the individual's right to prepare his defense." <u>Id</u>. at 62.  The Court stated it could establish no "fixed" rule; however, the trial court was directed to look into the "particular circumstances of each case, taking into consideration the crime charged, the possible defense, the possible significance of the informer's testimony, and other relevant factors." <u>Id</u>.

When interpreting the <u>Rovario</u> decision, the Fourth Circuit has had several occasions to publish opinions which lend guidance to the Courts in this Circuit. In <u>McLawhorn v. North Carolina</u>, 484 F.2d 1 (4th Cir. 1973), the Court reversed the conviction of State defendant for the State's failure to disclosure the confidential informant to the defendant. In arriving at its decision, the Court drew from the <u>Rovario</u> decision and considered the particular factors of the case.  One important factor is the distinction between informants who are "participants" in the offense and those who are mere "tipsters."

The court held that the Government is not entitled to assert an informant privilege when the informant is a participant in the offense and can "testify directly concerning the very transaction constituting the crime." McLawhorn, 484 F.2d at 5.

The Fourth Circuit "has consistently held that the government is not privileged to withhold the name of a confidential informant when the informant's identity is relevant and helpful to the defense or is essential to fundamental requirements of fairness." United States v. Gray, 47 F.3d 1359, 1364 (4th Cir. 1995); e.g., United States v. Price, 783 F.2d 1132, 1137 (4th Cir. 1986) (quoting Rovario, supra, 353 U.S. at 60-61); United States v. Mabry, 953 F.2d 127, 130-32 (4th Cir. 1991), cert. denied, 112 S.Ct. 1951 (1992).

## DISCUSSION

The facts in the present case tip the balance in favor of disclosure to the Defendant. The informant's testimony is likely to material at trial as the informant and sources participated directly in the transactions with the defendant and were not mere 'tipsters.' The informant may be a person who has a bias, ill will, or is otherwise motivated to assist the Government prosecute the defendant. Because the SOURCE and UCE-3684 directly participated in the conduct forming the basis of the charges and/or directly interacted with the Defendants as they allegedly participated in such conduct, this Court should

order the disclosure of their identities, their criminal history, and any benefit they have received for their assistance to the Government.

WHEREFORE, the Defendant respectfully requests that the Court enter an order requiring the disclosure of the informants' identities, their criminal history, and any benefit they have received for their assistance to the Government.

Respectfully submitted this Wednesday, July 25, 2007

> By: /s/ C. Scott Holmes
> C. Scott Holmes Bar Number: 25569
> Attorney for Defendant
> BROCK, PAYNE, & MEECE, P.A.
> 3130 Hope Valley Road
> Durham, North Carolina 27707
> Office: (919) 401-5913
> Facsimile: (919) 419-1018
> Email: scott.holmes@bpm-law.com

### CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Assistant United States Attorney Clifton Barrett. And I hereby certify that there are no parties who do not participate in CM/ECF.

This date Wednesday, July 25, 2007.

> By: /s/ C. Scott Holmes
> C. Scott Holmes Bar Number: 25569
> Attorney for Defendant
> BROCK, PAYNE, & MEECE, P.A.

3130 Hope Valley Road
Durham, North Carolina 27707
Office: (919) 401-5913
Facsimile: (919) 419-1018
Email: scott.holmes@bpm-law.com